IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1017-WJM-MEH

MAGALI MARTINEZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CAPSTONE RESTAURANT GROUP, LLC, a Colorado corporation,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER AND DENYING AS MOOT PLAINTIFF'S MOTION TO CERTIFY CLASS

---

This matter is before the Court on: (1) Defendant Capstone Restaurant Group's ("Defendant") Motion to Transfer Venue, or, in the Alternative, Stay Proceedings and Compel Arbitration ("Motion to Transfer") (ECF No. 21), and (2) Plaintiff Magali Martinez's ("Plaintiff") Motion to Certify Class Pursuant to Fair Labor Standards Act ("Motion to Certify Class") (ECF No. 40).  For the following reasons, Defendant's Motion to Transfer is granted, and Plaintiff's Motion to Certify Class is denied as moot.

### I. BACKGROUND

Defendant, a Colorado corporation, operates approximately 300 franchised restaurants across 16 states.  (ECF No. 1 ¶¶ 2, 14.)  Plaintiff was employed as an assistant manager at a restaurant owned by Defendant in Calhoun, Georgia between May 2018 and March 2019.  (*Id.* ¶ 4.)  Prior to beginning her employment, Plaintiff completed certain pre-employment documents through SnagAJob.com ("Snag"), a third-party website which Defendant used to facilitate onboarding and management of

personnel documentation.  (ECF No. 21 at 2; ECF No. 21-1 at 2–3.)  The pre-employment documents included an arbitration agreement, which contained a forum-selection clause stating that disputes between the parties would be arbitrated "in the county and state in which the Employee is or was employed by the Company," which here was Calhoun, Georgia.  (ECF No. 21-1 at 7; ECF No. 1 ¶ 8.)  Calhoun is located in the Northern District of Georgia.[1]  *See Court Information*, U.S. District Court for the Northern District of Georgia, http://www.gand.uscourts.gov/court-information (last visited Mar. 30, 2021).

On April 10, 2020, Plaintiff initiated this action on behalf of herself and those similarly situated, alleging that Defendant improperly classified her as an exempt employee and therefore unlawfully denied her overtime compensation.  (ECF No. 1 ¶¶ 74–103.)  She brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").  (*Id.*)

Defendant filed its Motion to Transfer on June 9, 2020, arguing that the forum-selection clause in the arbitration agreement designates the Northern District of Georgia as the proper venue for this action.  (ECF No. 21-1 at 7.)  Plaintiff filed a response on October 16, 2020, and Defendant filed a reply on October 30, 2020.  (ECF Nos. 41 & 49.)

On October 16, 2020, Plaintiff filed her Motion to Certify Class.  (ECF No. 40.)  Defendant filed a response on November 11, 2020, and Plaintiff filed a reply on

---

[1] A court may take judicial notice of facts that are not subject to reasonable dispute and can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2); *see also Zeier v. G.F. Inv. Servs., LLC*, 2019 WL 1244968, *3 n.2 (D. Colo. Feb. 28, 2019) (taking judicial notice of the counties within the Southern District of Florida).

November 18, 2020.  (ECF Nos. 53 & 54.)

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Normally, the party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  Moreover, "[i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013); *see also Chrysler Credit Corp.,* 928 F.2d at 1516 (setting out factors courts consider in "an individualized, case-by-case consideration of convenience and fairness" (internal quotation marks omitted)).  "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"  *Atl. Marine,* 571 U.S. at 62–63 (quoting § 1404(a)).

The calculus changes, however, when the parties have a contract containing a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum."  *Id.*  (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).  "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  *Id.* at 62–63 (alterations in original omitted).  Relevant here, the

3

Supreme Court has held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" in two ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . .
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* at 63–64.

### III. ANALYSIS

**A.     Enforceable Arbitration Agreement**

Defendant argues that the Court should transfer this action to the Northern District of Georgia based on the forum-selection clause contained in the arbitration agreement. (ECF No. 21 at 1.) Once transferred, Defendant seeks to compel arbitration. (*Id.*)

The party seeking to compel arbitration "bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement." *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 612 (10th Cir. 2014).

4

Defendant provides a copy of the arbitration agreement containing a notation stating "Digitally signed by magali martinez on 9/19/2018 at 7:00 AM EST." (ECF No. 21-1 at 7.) Defendant also attaches a declaration of its Director of Human Resources, Julie Pahl, describing the process of completing the pre-employment documentation through the Snag website, which includes electronically signing the arbitration agreement. (*Id.* at 4.) Pahl's declaration further states that Defendant received the signed arbitration agreement from Martinez. (*Id.*) Moreover, Pahl states that once hired, an employee typically must complete the pre-employment documents online in order to begin her employment. (*Id.* at 4–5.)

In response, Plaintiff categorically "denies the existence of the arbitration agreement" and contends that she did not assent to its terms. (ECF No. 41 at 6.) She argues that Defendant cannot prove that she read, understood, and assented to the agreement. (*Id.* at 6–7.) She concludes that because Defendant failed to authenticate the agreement, the forum-selection clause does not apply to this dispute. (*Id.* at 8.)

In *Beattie v. TTEC Healthcare Sols., Inc.*, another District of Colorado judge addressed almost identical facts to those of the instant case. 2019 WL 2189481 (D. Colo. May 21, 2019). The *Beattie* plaintiffs brought a class action pursuant to the FLSA, and the defendants sought to compel arbitration. *Id.* at *1. The plaintiffs argued that the arbitration agreement—which they had electronically signed—was unenforceable because they did not recall reading or signing it. *Id.* at *2. They further argued that the defendants' copy of the agreement was insufficient as evidence because it was not signed, but contained only a notation stating that the plaintiffs had signed it. *Id.* The *Beattie* court rejected the plaintiffs' argument, holding that the defendants had met their

5

initial burden of demonstrating that an enforceable agreement existed, and that the plaintiff's lack of recollection or information did not raise a genuine issue of material fact as to the agreement's validity. *Id.* at *2–3.

In *Petrie v. GoSmith*, another District of Colorado judge similarly upheld an electronically signed arbitration agreement over a plaintiff's assertion that he had not read or signed the agreement. 360 F. Supp. 3d 1159, 1163 (D. Colo. 2019). In *Petrie*, the defendant presented records that the plaintiff had accessed the defendant's website and accepted the terms of the arbitration agreement by clicking a box. *Id.* Further, the records revealed that the plaintiff had accessed other parts of the website, which would not have been possible without first accepting the terms of the arbitration agreement. *Id.* at 1162–63. The court found that the plaintiff had failed to present "any evidence that would refute the conclusion" that he electronically accepted the terms. *Id.* at 1163. In concluding that the agreement was enforceable, the court emphasized that "general denials and statements that a user does not recall visiting a website or agreeing to arbitrate are insufficient to defeat arbitration." *Id.*

Plaintiff's failure to recall executing the arbitration agreement does not raise a genuine dispute of material fact as to the existence of the agreement. *See id.* at 1162; *see also Beattie*, 2019 WL 2189481, at *2–3. The facts here weigh even more heavily in favor of enforceability than in *Beattie*, a case in which the defendants did not contend that employees were required to accept the terms of the arbitration agreement as a condition of employment. *Beattie*, 2019 WL 2189481, at *2. Plaintiff does not dispute that she completed the online pre-employment documentation, nor that completing this documentation was required prior to beginning her employment. Plaintiff offers no

6

alternative explanation for the notation stating that she signed the arbitration agreement, and she cites no binding authority where an arbitration agreement was held unenforceable under similar circumstances.  (*See generally* ECF No. 41.)  To the extent that Plaintiff suggests that any electronically signed agreement may be held invalid by a general denial of signing, such argument is unpersuasive.  *See Hancock v. AT&T Co.*, 701 F.3d 1248, 1256 (10th Cir. 2012) ("Clickwrap agreements are increasingly common and 'have routinely been upheld.'") (quoting *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1226 (D. Haw. 2010)).

Defendant has met its initial burden of demonstrating the existence of an enforceable arbitration agreement, which Plaintiff has failed to overcome.  *See Petrie*, 360 F. Supp. 3d at 1162; *Beattie*, 2019 WL 2189481, at *2 ("Plaintiffs offer only speculative arguments and their lack of recall.  This is not enough to raise a genuine dispute about the existence of the arbitration agreement.").  Accordingly, the Court proceeds to the question of whether to honor the forum-selection clause.

**B.    Forum-Selection Analysis**

Defendant argues that the Court should transfer the action to the Northern District of Georgia in accordance with the forum-selection clause of the arbitration agreement so that it may compel arbitration.  (ECF No. 21 at 1.)  Because the arbitration agreement designates the Northern District of Georgia as the proper forum, only a court in that district may compel arbitration.  *Ansari v. Qwest Comm'ns Corp.*, 414 F.3d 1214, 1219–20 (10th Cir. 2005) (stating that "a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration").

Plaintiff has the burden to demonstrate that the public-interest factors of the § 1404(a) balancing test weigh in her favor. *Atl. Marine*, 571 U.S. at 63–64. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 63 n.6 (internal quotation marks omitted; alterations incorporated). Public-interest factors, however, "will rarely defeat a transfer motion." *Id.* at 64. Plaintiff faces a "heavy burden" of "showing . . . that enforcement would be unreasonable and unjust." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

Plaintiff argues that "a substantial part of the events or omissions giving rise to [her] claims occurred" in the District of Colorado. (ECF No. 41 at 4.) Specifically, she posits that the "drafting, formation, and management of the policies and procedures" which she challenges in this action occurred in this District. (*Id.*) Further, she argues that Defendant's principal place of business is in Colorado and that she initiated this action here. (*Id.*)

As stated above, a "plaintiff's choice of forum merits no weight" where a forum-selection clause exists. *Atl. Marine*, 571 U.S. at 63. Additionally, Plaintiff's arguments regarding the parties' private interests are unavailing here, as they are deemed waived by the forum-selection clause. *Id.* at 64 ("A court . . . must deem the private-interest factors to weigh entirely in favor of the preselected forum."). Therefore, a party challenging a forum-selection clause waives arguments regarding the convenience of the parties. *Id.* ("When parties agree to a forum-selection clause, they waive the right to

8

challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").

As Plaintiff fails to specifically address public-interest factors, she has not shown that her case is one of the rare or exceptional instances where the forum-selection clause should not be enforced.  *See Atl. Marine*, 571 U.S. at 62; *see also Bowers v. Tension Int'l*, 2016 WL 3181312 (D. Colo. June 8, 2016) (honoring forum-selection clause of sub-contractor agreement in FLSA action and granting motion to transfer). Moreover, district courts in the Tenth Circuit routinely transfer actions to the forum specified in valid arbitration agreements to compel arbitration.  *See, e.g.*, *Samson Offshore Co. v. Chevron U.S.A., Inc.*, 2011 WL 1238435, at *6 (N.D. Okla. Mar. 30, 2011) (transferring action based on forum-selection clause to compel arbitration); *Finucane Enters. v. Arizant Healthcare*, 2005 WL 8160523, at *2–4 (D. Kan. Aug. 25, 2005) (same).  Accordingly, Defendants' Motion to Transfer is granted.[2]

Because the Court will transfer this action to the Northern District of Georgia, Plaintiff's Motion to Certify Class is denied as moot.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Transfer (ECF No. 21) is GRANTED;

2. Plaintiff's Motion to Certify Class (ECF No. 40) is DENIED AS MOOT;

---

[2] The Court declines to address Plaintiff's arguments that the arbitration agreement does not encompass her claims.  *See Roe v. Gray*, 165 F. Supp. 2d 1164, 1173 (D. Colo. 2001) (finding that where a district court grants a motion to transfer based on a forum-selection or arbitration clause, the transferee court should determine all aspects of the case, including the issue of arbitrability).

9

3. This case is TRANSFERRED to the United States District Court for the Northern District of Georgia, and the Clerk shall transmit the file to the Clerk of that court; and

4. Unless and until ordered otherwise by the Northern District of Georgia, unexpired deadlines in this case (if any) continue to control.

Dated this 31st day of March, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge